IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:  Nuvidorra, Inc.

 **Debtor(s)**

CASE NO.  8:19-bk-05832-CPM
CHAPTER 11

## DEBTOR'S PLAN OF REORGANIZATION, DATED OCTOBER 9, 2019

Nuvidorra, Inc. proposes the following Plan of Reorganization (Plan).

## ARTICLE I.
## PLAN SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Nuvidorra, Inc. (the "Debtor") from future income from its business operations. The Plan provides for one class of secured claims, two classes of unsecured claims, and one class of equity holders. Each class of creditors has a treatment under the Plan. Unsecured creditors holding allowed claims will receive distributions, which the proponents of this Plan. This Plan also provides for the payment of administrative and priority claims in full under the Plan.

All creditors should refer to Articles II through III of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **(Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II.
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

1.    Unclassified Claims:

    a.    Administrative Claims Administrative claims are unimpaired under the Plan. The Debtor shall pay the allowed claim of the following administrative claims as set forth below:

        1.    Any administrative expense, allowed pursuant to Section 503 of the

Bankruptcy Code, upon appropriate application and as granted by the Court not already paid prior to confirmation, the Debtor shall pay in full and in monetary funds (cash) within thirty (30) days of the effective date of the Plan or as otherwise agreed between the claimant and the Debtor.

    2.    The Debtor paid counsel of record, Melody D. Genson, a retainer fee of $12,500.00. Additional fees as approved by the Court shall be paid upon the entry of an order approving same or as otherwise agreed between counsel and the Debtor.

    b.    <u>Priority Tax Claims</u> Each holder of an Allowed Priority Tax Claim shall be paid by the Debtor by deferred equal monthly cash payments, in full, over the life of the plan, not to exceed six (6) years from the date of assessment. Interest shall be paid as allowed by law. There are no priority taxes to be paid in this case. The IRS amended its Proof of Claim to zero.

    c.    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

    d.    <u>Classified Claims and Interests:</u> The following is a breakdown of the classes of claims and interests:

| | |
|---|---|
| CLASS I | Secured – Amazon Capital Services, Inc. |
| | (No Proof of Claim / UCC Filing on Business Equipment Blanket Lien) |
| CLASS II | General, Unsecured Creditors Who Elects to do Business with the Debtor |
| CLASS III | General, Unsecured Creditors Who Elects Not to do Business with the Debtor |
| CLASS IV | Equity Member - Shareholder |

## TREATMENT OF CLASSES AND CLAIM DETERMINATION UNDER THE PLAN

    A.    <u>TREATMENT OF CLASSES</u>

d. <u>Classified Claims and Interests:</u> The following is a breakdown of the classes of claims and interests

**CLASS I.**    <u>Secured – Amazon Capital Services, Inc. (Impaired)</u>:
No Proof of Claim Filed
Amount due: To Be Determined
Secured UCC Filed April 11, 2018
UCC No. 201804819679

Collateral: Inventory, Office Equipment and Machinery, Interest in Seller's Account with Amazon Deposit Accounts

UCC Expires: April 11, 2023

Amazon Capital Services, Inc. has a first lien on all of the Debtor's Inventory, Office Equipment and Machinery, Interest in Seller's Account with Amazon Deposit Accounts. The creditor shall retain its lien. The allowed amount of the secured claim shall be paid, at 3.00% interest rate over eighty-four (84) months beginning sixty (60) days from the effective date of the Plan. Payments shall be in eighty-four (84) equal monthly payments, or paid until the balance is paid in full, whereupon the lien shall be terminated. The amount of the secured claim shall be determined by the value of the Debtor's assets on the date of this Plan. The value of the assets is $101,075.56.

**CLASS II.** <u>General, Unsecured Creditors Who Elects to Do Business with the Debtor Post-Petition (Impaired)</u>: The Debtor shall issue to allowed unsecured creditors, who elects to continue to do business with the Debtor post-petition, promissory notes in the amount of one hundred percent (100%) of their allowed claims, as follows:

a) The Debtor shall provide to each unsecured creditor, with allowed claims, who elects to continue to do business with the Debtor post-petition, a promissory note that shall have a term of eighty-four (84) months, with payments commencing sixty (60) days from the effective date of the plan. The amount to be paid under the Note shall be the amount of one hundred (100%) the creditor's allowed claim.

b) The Notes shall bear no interest.

c) The Notes shall be paid in equal monthly installments over eighty-four (84) months, but may be paid in a lump sum, at the discretion of the Debtor.

d) Promissory Notes will be distributed within thirty (30) days of the effective date of the confirmation order to those creditors holding allowed claims at the time of confirmation.

e) The election to continue to do business with the Debtor shall be defined as a creditor agreeing to immediately sell product to the Debtor, provide services to the Debtor, or provide credit privileges to the Debtor, in the amount/limit as allowed the Debtor pre-petition. The post-petition terms for product being sold, post-petition, shall be a thirty (30) day credit from date of purchase until date payment on the product is due.

f) This election is intended to confer a benefit upon the Debtor and the payment of the greater amount of the claim is contingent upon this benefit being given to the Debtor for the term of the Plan.

g) If the Debtor fails to pay for post-petition services within the thirty (30) day period, the creditor must continue to do business with the Debtor, but may demand cash for post-petition product purchases at the time of purchase.

h) In order to make this election, the creditor must mark its ballot as being under Class II.

i) If no election is made by the creditor for Class II, or no ballot is filed by the creditor, the creditor shall be placed in Class III.

**CLASS III.** General, Unsecured Creditors Who Elects Not to Do Business with the Debtor Post-Petition (Impaired): The Debtor shall issue to allowed unsecured creditors, who elects not to continue to do business with the Debtor post-petition, or makes no election for Class II, promissory notes in the amount of twenty percent (20%) of their allowed claims, as follows:

a) The Debtor shall provide to each unsecured creditor, with allowed claims, who elects not to continue to do business with the Debtor post-petition, a promissory note that shall have a term of sixty (60) months, with payments commencing sixty (60) days from the effective date of the plan. The amount to be paid under the Note shall be the amount of twenty (20%) the creditor's allowed claim.

b) The Notes shall bear no interest.

c) The Notes shall be paid in equal monthly installments over sixty (60) months, but may be paid in a lump sum, at the discretion of the Debtor.

d) Promissory Notes will be distributed within thirty (30) days of the effective date of the confirmation order to those creditors holding allowed claims at the time of confirmation. Creditors holding disputed claims at the time of confirmation, if said claim is allowed after confirmation, will be issued a Promissory Note within thirty (30) days of the claim being allowed. Said promissory notes will also have a term of sixty (60) months from the date of issuance.

**CLASS IV.** Shareholders: The Shareholders consist of the Equity Interest in the Debtor, which is held by David E. Stuckmeyer, who is the president of the Debtor. At this time, there is no value to the ownership of the Debtor because the debts of the Debtor are greater than the assets of the Debtor. As new value to the Debtor, in order to retain the ownership and be a shareholder, David E. Stuckmeyer shall waive any claims he may have against the Debtor, and shall continue to operate the company and be employed by the Debtor. It is the knowledge and expertise in this business that David E. Stuckmeyer has that is key to the Debtor's business.

David E. Stuckmeyer, as Shareholder, has contributed and will continue to contribute substantial new value to the Debtor as follows:

1. Assisting the Debtor in the financing of the Chapter 11 Plan through:

   (a) Agreeing to minimal increases in compensation during the term of the Plan.

   (b) Agreeing to defer any distribution of profits to member until the Plan is fully funded and completed.

   (c) Agreeing to waive his rights to file a claim against the Debtor for deferred compensation or loans to the Debtor prior to the bankruptcy filing.

B.  CLAIM DETERMINATION

The Debtor shall review claims and file any objections to claims within thirty (30) days after confirmation. The Debtor shall file any additional motions or pleadings to determine creditor rights or treatment within Sixty (60) days of Confirmation.

### ARTICLE III.
### MEANS OF IMPLEMENTING THE PLAN

The Debtor shall fund the Plan with money received from the following:

1. Revenues from the operation of its business.

### ARTICLE IV.
### RETENTION OF JURISDICTION

The bankruptcy court shall retain the most extensive jurisdiction of this bankruptcy case, as allowed by applicable law, including that jurisdiction necessary to ensure that the purpose and intent of the Plan are carried out.

The bankruptcy court shall retain jurisdiction over the parties to and the subject matter of the Plan and all matters related thereto until the Plan has been fully consummated and the case closed, or until the case is dismissed or converted to another chapter. Specifically, the court shall retain jurisdiction to interpret and enforce the provisions of the Plan, determine all disputes or controversies arising under the Plan, enter orders in aid of consummation of the Plan, and determine the allowance of claims or expenses against the Debtor or the estate and all other matters as is necessary including retention of jurisdiction to enter an order reopening the bankruptcy case after closed if necessary to ensure the purpose and intent of the Plan are carried out.

### ARTICLE V.
### MISCELLANEOUS PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set for in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Property of the Estate. All property of the estate not surrendered within the Plan shall be deemed the property of the Debtor upon the effective date of the Plan. Subject to any liens of the secured creditor, as stated herein this Plan. All property of the Debtor subsequently acquired or funds earned, post-petition, shall be deemed the property of the Debtor free and clear of any claims of creditors.

Plan Disbursing Agent. The disbursing agent for all payments made under the Plan shall be the Debtor.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be biding upon, and will inure to the benefit of the successors or assigns of such entity. All creditors shall be bound by the Plan of Reorganization whether said creditors filed a claim or are specifically named in this Plan.

Captions. The headings contained in this Plan are for convenience of reference and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure.) the laws of the State of Florida govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Limitation on Allowance. No attorney's fees, punitive damages, penalties, exemplary damages, or interest shall be paid with respect to any claim or equity interest except as otherwise expressly provided in the Plan or as Allowed by Final Order of the bankruptcy court.

Modification of Payment Terms. The reorganized Debtor reserves the right to modify the treatment of all Allowed Claim, as provided in Section 1123(a)(4) of the Bankruptcy Code, at any time after the Effective Date, upon the consent of the Holder of such Allowed Claim.

Substantial Consummation. The Plan shall be deemed substantially consummated within the meaning of Section 1101 of the Bankruptcy Code upon commencement by the reorganized Debtor of the initial distribution of Promissory Notes to unsecured creditors and the commencement of payments to the secured creditor after the effective date of the Confirmation of the Plan.

DATED: October 9th, 2019.

**Nuvidorra, Inc.**
By: David E. Stuckmeyer
Title: President

Melody D. Genson, Attorney at Law
2750 Ringling Boulevard, Suite 3
Sarasota, Florida 34237
Telephone: (941) 365-5870
Facsimile: (941) 365-5872
Florida Bar No. 342092
Attorney for Debtor